UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-4492** |
| **GENERAL MOTORS FINANCIAL CORPORATION,** *et al.* | **SECTION: "G"(3)** |

## ORDER

Pending before the Court are Defendant GM Financial's and Defendants Daniel E. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce's (collectively, Defendants) separate Rule 12(b)(6) motions to dismiss Plaintiff's claims.[1] In this litigation, *Pro se* Plaintiff Landry Dixon ("Plaintiff") alleges that his car was wrongfully repossessed by Defendants in violation of the Truth in Lending Act ("TILA") and the Americans with Disabilities Act ("ADA").[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion in part and deny the motion in part.

## I. Background

According to Plaintiff's complaint, he entered into a 36 month lease of a 2014 Chevrolet Cruze sedan in December of 2014 with Best Chevrolet automotive dealership.[3] Plaintiff alleges that he properly maintained all monthly payments for the vehicle during his possession of the vehicle.[4] Plaintiff alleges that this vehicle was repossessed on either November 30, 2016, or

---

[1] Rec. Doc. 6; Rec. Doc. 7; Rec. Doc. 22.

[2] Rec. Doc. 1 at 1–2.

[3] *Id.*

[4] *Id.* at 2.

1

December 1, 2016.[5] Plaintiff states that he attempted to contact GM Financial three times to inquire about this repossession and received only a written response from Eunice Ponce.[6]

Plaintiff filed the complaint on May 2, 2017.[7] Defendant GM Financial filed a motion to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) on June 13, 2017.[8] Defendants Daniel E. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce (collectively, "Individual Defendants") filed a motion to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) on June 13, 2017.[9] Plaintiff filed a single opposition to both motions to dismiss on June 27, 2017.[10] On October 24, 2017, Plaintiff filed an amended complaint, which corrected the name of Defendant GM Financial, but made no new substantive allegations.[11] On October 30, 2017, due to Plaintiff's amended complaint, Defendants filed another motion to dismiss pursuant to Rule 12(b)(6), adopting all previously asserted arguments, authorities, and exhibits.[12]

## II. Parties' Arguments

### A. GM Financial's Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1. Defendant GM Financial Argues that Plaintiff Has Not Alleged a TILA Violation

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Rec. Doc. 6.

[9] Rec. Doc. 7.

[10] Rec. Doc. 10.

[11] Rec. Doc. 20.

[12] Rec. Doc. 22-1 at 1–2.

GM Financial first asserts that Plaintiff has not alleged a violation of TILA.[13] Specifically, GM Financial argues that Plaintiff's "allegations regarding the accounting for payments under the terms of the lease, and the [Defendant's] exercise of its remedies arising from a default under the lease are wholly outside of TILA's scope."[14] GM Financial asserts that TILA is limited to protecting consumers from being misled about the cost of credit.[15] Thus, GM Financial argues that Plaintiff's TILA claim should be dismissed as a matter of law.

Moreover, GM Financial argues that it is not a creditor subject to TILA, but it is an assignee of Plaintiff's lease.[16] GM Financial asserts that TILA defines a creditor as "the individual or entity 'to whom the debt arising from the consumer credit transaction is initially payable on the face of the indebtedness or, if there is no such evidence of indebtedness, by agreement.'"[17] GM Financial argues that the actual lessor on the lease, as alleged in Plaintiff's complaint and shown in the lease, is Best Chevrolet, Inc.[18] GM Financial asserts that Best Chevrolet, Inc., then assigned its interest to GM Financial.[19] As a result, GM Financial argues that it is not a creditor pursuant to TILA.[20]

Finally, GM Financial argues that any TILA claim based on a 2014 lease is barred by the TILA statute of limitations.[21] GM Financial asserts that courts have determined that the one-year

---

[13] Rec. Doc. 6-1 at 3.

[14] *Id.* at 4 (citing 15 U.S.C. § 1601(a)).

[15] *Id.* at 3 (citing *Norton-Griffiths v. Wells Fargo Home Mortg.*, No. 5:10–cv–169, 2011 WL 61609, at *4 (D. Vt. Jan. 4, 2011)).

[16] *Id.* at 4.

[17] *Id.* (citing 15 U.S.C. § 1602(g)).

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

limitations period for a TILA claim begins to run upon the consummation of the agreement at issue.[22] GM Financial argues that Plaintiff acknowledges that he entered into the lease in December 2014, but did not file this lawsuit until May 2, 2017.[23] Thus, GM Financial asserts that Plaintiff's TILA claims are barred.

### 2. *GM Financial Argues that Plaintiff Has Failed to State an ADA Claim*

GM Financial asserts that "[t]he ADA was enacted to prevent discrimination against individuals with physical or mental disabilities in the context of public accommodations and services, and employment."[24] GM Financial argues that Plaintiff has not alleged that he is disabled, nor has Plaintiff "alleged any act of discrimination based on a disability in the context of public services or accommodations provided by [GM Financial]."[25] GM Financial argues that, as a result, Plaintiff's ADA claim should be dismissed.[26]

### B. *Individual Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)*

Individual Defendants first assert that "[c]orporate officers and employees are not personally liable for corporate obligations absent a showing of fraud or criminal wrongdoing."[27] Moreover, Individual Defendants state that Plaintiff has not made any allegations against Daniel E. Berce, Steven P. Bowman, and Chris Choate, "other than to allege that they are officers of GM Financial."[28] Defendants further assert that "[Plaintiff] makes no allegation concerning Eunice

---

[22] *Id.* at 4–5 (citing *Melancon v. Countrywide Bank*, No. 10-1723, 2011 WL 692051, at *5 (E.D. La. Feb. 18, 2011)).

[23] *Id.* at 5.

[24] *Id.* (citing 42 U.S.C. § 12102(a)).

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 7-1 at 3.

[28] *Id.*

4

Ponce except to note that she signed a letter on behalf of GM Financial (and in her capacity as a GM Financial employee) responding to [Plaintiff's] Consumer Financial Protection Bureau complaint."[29] Thus, Individual Defendants assert that all of Plaintiff's claims against them should be dismissed.[30]

Moreover, Individual Defendants assert that none of them are creditors as defined by TILA, no substantive TILA violations are alleged, and any TILA claim is time-barred by the applicable statute of limitations.[31] Individual Defendants further assert that Plaintiff has not alleged any action by them, and the Individual Defendants neither employed Plaintiff nor provided public accommodations to Plaintiff.[32] Thus, Individual Defendants argue that Plaintiff has failed to state a claim under TILA or the ADA.[33]

### C. *Plaintiff's Opposition to Defendants' Motions*

Plaintiff asserts that Defendants have focused only on the "intricacies of subsections of Title 15, Section 1667."[34] Plaintiff asserts that Defendants have "failed to respond to the core indictments of the wrongful repossession conduct of defendants in individually and/or collectively causing the loss of the [P]laintiff's lease of a 2014 Cruze automobile for no legitimate rhyme or reason."[35]

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.*

[34] Rec. Doc. 10 at 1.

[35] *Id.* at 2.

Plaintiff further asserts that "Title 15, Section 1667, et seq is the federal statute that covers the retail consumer leasing contract that governs the leasing of 'open-ended' and/or 'closed ended' automotive contracts."[36] Plaintiff states that it was referred to as the Truth-in-Lending Act in 1968, but it was referred to as the Consumer Leasing Act or Regulation M when it was modified in 1976.[37]

Plaintiff then asserts that he "is a 100% disabled individual, whose disability appears to have been dismissed and trashed by the insensitive assertions of defense counsel."[38]

Plaintiff states that "a clear and convincing act of wrongful repossession [sic] has occurred."[39]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[40] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[41] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[42] "Factual allegations must be enough to raise a right to relief above the

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.* at 3.

[40] Fed. R. Civ. P. 12(b)(6).

[41] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

6

speculative level."[43] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[44]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[45] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[46] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[47] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[48] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[49] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[50] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[51] If factual allegations are insufficient to raise a right to relief above the

---

[43] *Twombly*, 550 U.S. at 556.

[44] *Id.* at 570.

[45] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[46] *Iqbal*, 556 U.S. at 677–78.

[47] *Id.* at 679.

[48] *Id.* at 678.

[49] *Id.*

[50] *Id.*

[51] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[52]

Finally, pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[53]

### IV. Analysis

#### A. *Whether Plaintiff's TILA claim is barred by the TILA statute of limitations*

Defendants assert that "even if [Plaintiff] could allege the existence of some disclosure defect, any TILA claim arising from that defect would be time-barred, because more than a year has passed since the lease at issue was signed on December 2, 2014."

According to 15 U.S.C. § 1640(e), "any action under this section may be brought . . . within one year from the date of the occurrence of the violation."[54] Moreover, "The limitations period in Section 1640(e) runs from the date of the transaction . . . but the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."[55] The Fifth Circuit has also instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[56]

---

[52] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[53] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[54] 15 U.S.C. § 1640(e); *see also Melancon v. Countrywide Bank*, No. CIV. A. 10-1723, 2011 WL 692051, at *5 (E.D. La. Feb. 18, 2011).

[55] *Jackson v. Adcock*, 2004 WL 1900484, at *4 (E.D. La. Aug. 23, 2004) (quoting *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)).

[56] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

8

In *Jackson v. Adcock*, another division of this district held that a *pro se* plaintiff's TILA claims were barred by the TILA statute of limitations when the plaintiff filed suit more than a year after reading and signing loan documents.[57] The court reasoned that the doctrine of equitable tolling did not apply, since "[n]othing prevented [plaintiff] from comparing the loan documents and TILA's statutory and regulatory requirements.[58] Moreover, in *Melancon v. Countrywide Bank*, a different division of this district similarly held that the *pro se* plaintiffs' TILA claims were barred by the one-year statute of limitations when plaintiffs brought the action over two years after the consummation of the applicable mortgage.[59]

Here, similar to *Jackson* and *Melancon*, Plaintiff has brought claims for damages under TILA more than one year after signing the agreement. As Defendants point out, Plaintiff filed his lawsuit on May 2, 2017, but he entered into the lease on December 2, 2014.[60] Moreover, similar to *Jackson*, nothing prevented Plaintiff from comparing the lease documents and TILA's statutory and regulatory requirements. As a result, it "appears beyond doubt that plaintiff can prove no set of facts in support of his [TILA] claim which would entitle him to relief." Considering that Plaintiff's TILA claims are barred by the applicable statute of limitations, it is unnecessary to evaluate Defendants's additional TILA arguments.

### B. *Whether Plaintiff has stated an ADA claim*

Defendants argue that Plaintiff has not alleged facts that would give rise to a claim under the ADA, as Plaintiff "has not alleged any act of discrimination based on a disability in the context

---

[57] *Id.*

[58] *Id.*

[59] *Melancon*, 2011 WL 692051 at *5.

[60] Rec. Doc. 6-1 at 5.

of public services or public accommodations provided by GM Financial . . . [and] does not allege that he was employed by GM Financial."[61]

In opposition, Plaintiff states that he "is a 100% disabled individual, whose disability appears to have been dismissed and trashed by the insensitive assertions of defense counsel, as a prolongation of a distraction."[62]

The ADA prohibits discrimination on the basis of disability in terms of employment,[63] the services of a public entity,[64] and public accommodation.[65]

Here, Plaintiff was not employed by Defendants, nor was he seeking employment by Defendants. As a result, Title I of the ADA does not apply. Moreover, Defendants include a private corporation and officers of that corporation, rather than a public entity. Thus, Title II of the ADA does not apply. Finally, Defendants were not providing public services or accommodations to Plaintiff. Instead, Plaintiff was leased a vehicle for his private use.

Moreover, even if Defendants were providing either employment or public accommodation or services, the ADA would not apply in the instant case. Plaintiff does not assert that his vehicle

---

[61] *Id.*

[62] Rec. Doc. 10 at 2.

[63] *See* 42 U.S.C. § 12112. Title I of the ADA specifically provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Per 42 U.S.C. § 12111, a "'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."

[64] *See* 42 U.S.C. § 12132. Title II of the ADA specifically provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

[65] *See* 42 U.S.C. § 12182. Title III of the ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

was taken because of his disability, but that he has suffered additional damage as a result of his disability. Thus, Plaintiff has not alleged any facts that give rise to an ADA claim.

### C. *Whether Plaintiff has asserted any other potential claims*

In the petition, Plaintiff alleges that he entered into a 36-month lease agreement with Best Chevrolet for the vehicle and properly maintained all monthly payments throughout his possession of the vehicle.[66] Plaintiff alleges that the car was forcibly taken, despite the fact that he properly made the monthly payments.[67] As a result, Plaintiff may have a claim for breach of contract. However, Plaintiff has not pled that he has a contractual relationship with Defendants. In consideration of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the complaint to allege any other potential claim Plaintiff may have against Defendants.

Moreover, Individual Defendants assert that they are not liable as corporate officers and employees for corporate obligations absent a showing of fraud or criminal wrongdoing.[68] Under Louisiana law, "personal liability cannot be imposed upon a corporate officer simply because of the officer's general administrative responsibility of some corporate function; instead, the officer must have a personal duty towards the plaintiff."[69] Additionally, fraud is an exception to the general rule that shareholders, officers, and employees of a corporation are not liable for the conventional or legal obligations of that corporation.[70]

---

[66] Rec. Doc. 1 at 2.

[67] *Id.*

[68] Rec. Doc. 7-1 at 3.

[69] *B-G & G Investors VI, L.L.C. v. Thibault HG Corp.*, 2008-CA-0093 (La. App. 4 Cir. 5/21/08); 985 So. 2d 837, 842.

[70] *See B-G & G Investors VI, L.L.C.*, 985 So. 2d at 842; *see also New Orleans Jazz and Heritage Found., Inc. v. Kirksey*, 2009-CA-1433 (La. App. 4 Cir. 5/26/10); 40 So. 3d 394, 403.

Under Louisiana law, "personal liability cannot be imposed upon a corporate officer simply because of the officer's general administrative responsibility of some corporate function; instead, the officer must have a personal duty towards the plaintiff."[71] Moreover, fraud is an exception to the general rule that shareholders, officers, and employees of a corporation are not liable for the conventional or legal obligations of that corporation.[72]

Here, Plaintiff has not alleged any facts that support a personal duty on behalf of Individual Defendants, and Plaintiff has not stated any circumstances of fraud with particularity. As a result, Individual Defendants are not liable for any of GM Financial's potential obligations. However, in consideration of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his compliant to address the deficiencies noted by the Court, if possible.

Accordingly,

---

[71] *B-G & G Investors VI, L.L.C. v. Thibault HG Corp.*, 2008-CA-0093 (La. App. 4 Cir. 5/21/08); 985 So. 2d 837, 842.

[72] *See B-G & G Investors VI, L.L.C.*, 985 So. 2d at 842; *see also New Orleans Jazz and Heritage Found., Inc. v. Kirksey*, 2009-CA-1433 (La. App. 4 Cir. 5/26/10); 40 So. 3d 394, 403.

**IT IS HEREBY ORDERED** that Defendants GM Financial and Individual Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claims is **GRANTED IN PART AND DENIED IN PART. IT IS GRANTED IN PART** to the extent that it requests dismissal of Plaintiff's claims under TILA and the ADA. **IT IS DENIED** to the extent that it requests dismissal of all of Plaintiff's claims.

**IT IS FURTHER ORDERED** that Plaintiff is granted fourteen days leave to amend his complaint to allege any additional potential claims and any potential facts regarding claims against Individual Defendants.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of February, 2018.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**