UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-4492** |
| **GENERAL MOTORS FINANCIAL CORPORATION,** *et al.* | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Defendant General Motors Financial Corporation's ("GM Financial") Motion for Summary Judgment.[1] In this litigation, *pro se* Plaintiff Landry Dixon ("Plaintiff") alleges that Defendants wrongfully repossessed his car in violation of the United States Bankruptcy Code, the Fair Debt Collection Practices Act ("FDCPA") and the Louisiana Unfair Trade Practices Act ("LUTPA").[2] Plaintiff brings claims against corporate Defendant GM Financial alongside individual Defendants Daniel D. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce (collectively "Defendants").[3] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion.

## I. Background

### A. *Factual Background*

According to the Second Amended Complaint, Plaintiff entered into a 36 month lease of a 2014 Chevrolet Cruze sedan in December of 2014 with Best Chevrolet automotive dealership.[4]

---

[1] Rec. Doc. 43.

[2] Rec. Doc. 31 at 2.

[3] *Id.*

[4] *Id.*

Plaintiff alleges that he properly maintained all monthly payments for the vehicle during his possession of the vehicle.[5] Plaintiff alleges that Defendant repossessed the vehicle in the middle of the night on either November 30, 2016, or December 1, 2016.[6] Plaintiff states that he attempted to contact GM Financial three times to inquire about this repossession, but that he received only a written response from corporate administrator Eunice Ponce, approximately four months after his initial inquiry.[7]

## B.     *Procedural Background*

Plaintiff filed a Complaint on May 2, 2017, alleging that Defendants wrongfully repossessed his car in violation of the Truth in Lending Act ("TILA") and the Americans with Disabilities Act ("ADA").[8] On June 13, 2017, Defendant GM Financial filed a Motion to Dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).[9] Defendants Daniel E. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce (collectively, "Individual Defendants") also filed a Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) on June 13, 2017.[10] Plaintiff filed a single opposition to both motions to dismiss on June 27, 2017.[11] On October 24, 2017, Plaintiff filed an Amended Complaint, which corrected the name of Defendant GM

---

[5] *Id.* at 2 – 3.

[6] *Id.* at 3.

[7] *Id.* at 3 – 4.

[8] Rec. Doc. 1.

[9] Rec. Doc. 6.

[10] Rec. Doc. 7.

[11] Rec. Doc. 10.

Financial, but did not make new substantive allegations.[12] On October 30, 2017, in response to the Amended Complaint, Defendants filed another motion to dismiss pursuant to Rule 12(b)(6), adopting all previously asserted arguments, authorities, and exhibits.[13]

On February 6, 2018, the Court granted GM Financial's motion to dismiss with prejudice to the extent it sought dismissal of Plaintiff's TILA or ADA claims.[14] The Court also concluded that while Plaintiff may have a claim for breach of contract or fraud, Plaintiff had not plead the existence of a contractual relationship with Defendants or plead fraud with particularity.[15] Therefore, in light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend the Complaint to cure the deficiencies noted, if possible.[16]

Plaintiff then filed the Second Amended Complaint on March 9, 2018, containing the same factual allegations, but specifically bringing claims under the United States Bankruptcy Code, the FDCPA, and the LUTPA.[17] Plaintiff also filed a Motion for Leave to File a Third Amended Complaint on July 2, 2018, seeking leave to file an amended complaint naming another GM Financial executive as a defendant, Mandy Youngblood.[18] Defendants filed an opposition to the Motion for Leave to File a Third Amended Complaint on July 6, 2018.[19] The Court denied

---

[12] Rec. Doc. 20.

[13] Rec. Doc. 22-1 at 1–2.

[14] Rec. Doc. 28 at 13.

[15] *Id.* at 11 – 12.

[16] *Id.* at 12.

[17] Rec. Doc. 31.

[18] Rec. Doc. 45.

[19] Rec. Doc. 47.

Plaintiff's Motion to File a Third Amended Complaint on July 17, 2018 because Plaintiff's motion was not timely and Plaintiff did not present good cause for his delay.[20]

Defendant GM Financial filed the instant Motion for Summary Judgment on June 7, 2018.[21] Plaintiff filed an opposition to the Motion for Summary Judgment on June 25, 2018.[22] With leave of Court, Defendants filed a reply on July 17, 2018.[23] With leave of Court, Plaintiff filed a sur-reply on July 24, 2018.[24]

## **II. Parties' Arguments**

### *A.    GM Financial's Arguments in Support of the Motion for Summary Judgment*

In the motion, GM Financial contends that Plaintiff's claims are not viable because they stem from the incorrect factual allegation that Plaintiff completed all payments due under the lease.[25] In support of this argument, GM Financial presents payment records dated May 11, 2017 and a corresponding affidavit of Mandy Youngblood, Assistant Vice President of GM Financial, that show Plaintiff was in default of the lease when the vehicle was repossessed, having missed two consecutive payments for April 2015 and May 2015.[26] GM Financial also claims that while Plaintiff attempted to make payment by a late check on April 13, 2015, the check was dishonored by the payor bank on April 17, 2015 and no further payment was received for April 2015 or May

---

[20] Rec. Doc. 56.

[21] Rec. Doc. 43.

[22] Rec. Doc. 44.

[23] Rec. Doc. 52.

[24] Rec. Doc. 58.

[25] Rec. Doc. 43-1 at 2.

[26] *Id.*

4

2015.²⁷ Furthermore, GM Financial claims that while Plaintiff made post-default payments from July 2015 until December 2015, he never cured the deficient lease by making up for the missed payments due in April 2015 and May 2015.²⁸

GM Financial asserts that Dixon's allegation that he paid all amounts when due under the lease is the basis for every claim alleged in the Second Amended Complaint.²⁹ Because GM Financial has provided competent summary judgment evidence to establish that Dixon did not in fact pay all amounts when due, GM Financial argues that the burden shifts to Plaintiff to provide competent summary judgment evidence to create a question of fact as to Plaintiff's default.³⁰

Addressing each of the specific claims raised by Plaintiff, GM Financial first argues that Plaintiff's bankruptcy claim fails as a matter of law because Plaintiff did not assume the lease as part of his bankruptcy case.³¹ For this reason, GM Financial argues the lease was rejected under 11 U.S.C. § 365(d)(1) and neither the vehicle or the lease remained a part of Plaintiff's bankruptcy estate under 11 U.S.C. § 356(p)(1).³² Therefore, GM Financial asserts that "[t]he repossession of such Vehicle cannot constitute a violation of either the automatic stay or the discharge."³³

GM Financial next argues that Plaintiff's FDCPA claim fails as a matter of law because

---

²⁷ *Id.* at 4.

²⁸ *Id.* at 4–5.

²⁹ *Id.* at 5.

³⁰ *Id.*

³¹ *Id.* at 6.

³² *Id.*

³³ *Id.*

GM Financial is not a "debt collector" subject to the statute.[34] GM Financial argues that it is a "creditor," the party to which a debt is owed, instead of a "debt collector," a third party that collects a debt for another party.[35] In support of this argument, GM Financial points to evidence showing that the lease was originally executed between Plaintiff and Best Chevrolet, Inc., who then assigned the lease to ACAR Leasing, Ltd., a subsidiary of GM Financial.[36]

Finally, GM Financial argues that Plaintiff's LUTPA claim is not viable as a matter of law because GM Financial has presented competent summary judgment evidence showing that Plaintiff was in default of the lease.[37] GM Financial states that Plaintiff has not alleged any facts or presented any evidence that shows deceptive or unfair trade practices.[38] Accordingly, GM Financial requests that the Court grant this motion and enter summary judgment dismissing with prejudice the Second Amended Complaint.[39]

B.  *Plaintiff's Arguments in Opposition to the Motion for Summary Judgment*

In opposition, Plaintiff alleges that he made timely payment on the lease in April 2015 and May 2015, but that Defendants "fraudulently conspired" to "alter data" on payment history documents to reflect otherwise.[40] Plaintiff points to several alleged issues with the documents that he contends show they were altered. First, Plaintiff states that the "account number [was] blotted

---

[34] *Id.*

[35] *Id.* at 7.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.* at 8.

[40] Rec. Doc. 44 at 1.

out" on documents submitted by GM Financial.[41] Second, Plaintiff states that the documents contain a street address, instead of his post office box billing address.[42] Plaintiff also claims that the documents are inaccurate because they list the total amount due as $947.59, which Plaintiff notes is greater than the value of the two missing payments of $356.11.[43] Finally, Plaintiff submits an account statement dated April 13, 2015, which he claims shows that payment for the lease was current on that date.[44]

C.  *GM Financial's Arguments in Further Support of the Motion for Summary Judgment*

In the reply brief, GM Financial argues that summary judgment should be granted because Plaintiff failed to cite any "competent summary judgment evidence" sufficient to create a genuine issue of material fact.[45] First, GM Financial notes that while Plaintiff provides an "unauthenticated account statement" showing the lease was current on April 13, 2015, he does not respond to GM Financial's claim that the payment was reversed on April 17, 2015, because the check did not clear.[46] GM Financial also notes that Plaintiff provides no other evidence that creates a question of material fact.[47]

GM Financial then responds to Plaintiff's attempts to attack the payment history GM

---

[41] *Id.*

[42] *Id.* at 3.

[43] *Id.* at 2–3.

[44] *Id.* at 3 (citing Rec. Doc. 44-1 at 5).

[45] Rec. Doc. 52 at 2.

[46] *Id.* at 3.

[47] *Id.*

7

Financial submitted into the record.[48] In response to Plaintiff's assertion that GM Financial "blotted out" the account number, GM Financial explains that it is "common practice" to redact personal information on financial documents and provides an affidavit to verify the account number on the documents.[49] In response to the use of a street address on the billing documents, GM Financial claims that the street address is the address on Plaintiff's driver's license and the address used to open the account, and it provides a copy of the account information and driver's license to support this assertion.[50] Finally, in response to Plaintiff's argument that the account was current in April 2015, GM Financial provides a copy of the check returned by the bank dated April 6, 2015 and marked "Stop Payment."[51] Therefore, GM Financial avers that summary judgment should be granted because Plaintiff has not provided competent summary judgment evidence to create a genuine question of material fact as to his default under the lease.[52]

### D. *Plaintiff's Supplemental Arguments in Opposition to the Motion for Summary Judgment*

In the sur-reply brief, Plaintiff again asserts that the payment history submitted by GM Financial is "doctored" because of the use of his street address and the lack of an account number on all documents.[53] Plaintiff further asserts that he can prove Defendant altered the "payment history" section of documents because he was "denied online access [to his account]" on or before

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 4.

[52] *Id.*

[53] Rec. Doc. 58 at 2.

September 2, 2015.[54] Additionally, Plaintiff asserts that the documents are altered because the documents do not reflect any late charges, despite the alleged two-month non-payment.[55] Plaintiff also asserts that the payments made in April 2015 and May 2015 could not have been rejected because he submitted a money order, not a check.[56] Plaintiff broadly asserts that the evidence presented by GM Financial is part of a "racially motivated…attempted cover-up" of fraud and other corporate wrongdoing.[57]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[58] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[59] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[60] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party,"

---

[54] *Id.*

[55] *Id.*

[56] *Id.* at 3.

[57] *Id.* at 4.

[58] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[59] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[60] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[61] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[62]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[63] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[64] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[65] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[66] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[67] Further, a court

---

[61] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[62] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[63] *Celotex*, 477 U.S. at 323.

[64] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[65] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[66] *Little*, 37 F.3d at 1075.

[67] *Anderson*, 477 U.S. at 248.

"resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[68] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[69] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[70]

## IV. Analysis

A. *Whether GM Financial is Entitled to Summary Judgment on Plaintiff's Bankruptcy Claim?*

Plaintiff asserts that he is entitled to recovery under the "Federal Bankruptcy Protection Act, Title 11 U.S.C. 727."[71] The only fact Plaintiff alleges to support this claim is that he was forced to file for bankruptcy relief due to an "excessively burdensome medical bill" in 2015.[72] In the Motion for Summary Judgment, GM Financial argues that Plaintiff's bankruptcy claim fails as a matter of law because Plaintiff did not assume the lease as part of his bankruptcy case.[73] Plaintiff did not respond to this argument.

Under the bankruptcy code, when an individual declares bankruptcy, a lease of personal property must be accepted by the trustee within 60 days of the order of relief or it is automatically

---

[68] *Little*, 37 F.3d at 1075.

[69] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[70] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[71] Rec. Doc. 31 at 2.

[72] Id. at 5.

[73] Rec. Doc. 44-1 at 6.

11

deemed rejected.[74] A lease rejected in this manner is not a part of the debtor's bankruptcy estate and repossession of the personal property does not constitute a violation of automatic stay or discharge.[75]

Here, GM Financial has identified portions of the record that demonstrate the absence of a genuine issue of material fact. Specifically, GM Financial notes that Plaintiff does not even allege that the lease was assumed as part of his bankruptcy case or allege any action that GM Financial took to violate the bankruptcy code. Plaintiff alleges only that he "filed for financial relief" under "US Bankruptcy law."[76] Plaintiff does not respond to these arguments or come forward with any evidence to show that the lease was assumed as part of his bankruptcy case or that GM Financial violated the bankruptcy code in any other way. Because there is no dispute of material fact, the Court finds that GM Financial is entitled to judgment on Plaintiff's bankruptcy code claim as a matter of law.

### B. *Whether GM Financial is Entitled to Summary Judgment on Plaintiff's FDCPA Claim?*

Next, Plaintiff argues that GM Financial violated the FDCPA, but does not provide any specific factual allegations to support this claim.[77] In the Motion for Summary Judgment, GM Financial asserts that Plaintiff's FDCPA claim fails as a matter of law because GM Financial is not a "debt collector" under the statute.[78] Plaintiff does not respond to this argument.

---

[74] 11 U.S.C. § 365(d)(1).

[75] 11 U.S.C. § 356(p)(1).

[76] Rec. Doc. 31 at 5.

[77] *Id.* at 2.

[78] *Id.*

The FDCPA applies to "debt collectors" and defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another."[79] The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[80] Pursuant to the 15 U.S.C. § 1692a(6), the term debt collector only applies to a creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

GM Financial presents a copy of the lease which shows that Plaintiff originally executed the lease with Best Chevrolet, Inc.[81] GM Financial also presents the affidavit of Mandy Youngblood, Assistance Vice President of GM Financial, which states that Best Chevrolet assigned the lease to ACAR Leasing, Ltd., a subsidiary of GM Financial.[82] The affidavit also states that the lease was not in default at the time it was assigned.[83] As such, GM Financial is the current holder of the lease and a creditor under the FDCPA. Furthermore, Plaintiff does not present any evidence showing that GM Financial used another name when attempting to collect the debt, and the notice of default GM Financial attached to the Motion for Summary Judgment shows that the

---

[79] 15 U.S.C. § 1692a(6).

[80] 15 U.S.C. § 1692a(4).

[81] Rec. Doc. 43-3 at 5–6.

[82] Rec. Doc. 43-3 at 2.

[83] *Id.*

13

notice was sent by GM Financial.[84] Therefore, GM Financial is not a "debt collector" as defined by the FDCPA.[85]

*C.   Whether GM Financial is Entitled to Summary Judgment on Plaintiff's LUTPA claim?*

Finally, Plaintiff argues that GM Financial is liable under the LUTPA for unfair or deceptive trade practices.[86] In the Second Amended Complaint, Plaintiff only alleges generally that Defendants participated in a "conspiracy" to deprive him of his vehicle.[87] In the Motion for Summary Judgment, GM Financial argues that Plaintiff's LUTPA claim is not viable as a matter of law because GM Financial has presented competent summary judgment evidence showing that Plaintiff was in default of the lease.[88] In opposition, Plaintiff asserts that he made all payments due on the lease and GM Financial altered the documents showing he was in default.[89]

The Louisiana Unfair Trade Practices Act is codified at Louisiana Revised Statute § 51:1409, which provides, in pertinent part: "any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by Section 51:1405, may bring an action individually but not in a representative capacity to recover actual damages." Courts determine what constitutes "unfair" and "deceptive" conduct on a case-by-case

---

[84] Rec. Doc. 43-3 at 12.

[85] *See* 15 U.S.C. § 1692a(6).

[86] Rec. Doc. 31 at 2.

[87] *See, e.g.*, Rec. Doc. 31 at 3, 4, 5.

[88] Rec. Doc. 43-1 at 7.

[89] Rec. Doc. 44 at 1.

14

basis.[90] Louisiana courts have stated that a practice is unfair "when the practice is unethical, oppressive, unscrupulous, or substantially injurious."[91] Likewise, Louisiana courts have described a trade practice as deceptive when it amounts to "fraud, deceit *or* misrepresentation."[92] Thus, it is clear that LUTPA claims are not limited solely to allegations of fraud, but may be independently premised on a range of non-fraudulent conduct.[93]

GM Financial argues that Plaintiff's LUTPA claim is not viable as a matter of law because GM Financial has presented competent summary judgment evidence showing that Plaintiff was in default of the lease. Specifically, GM Financial presents payment records showing that Plaintiff missed payments in April 2015 and May 2015.[94] Further, GM Financial presents a copy of a "void" check that was dishonored by the payer bank after Plaintiff attempted to make a payment with the check in April 2015.[95] Additionally, GM Financial presents payment records showing that while post-default payments were made, Plaintiff never made the balance of his account current.[96] GM Financial also presents a copy of the lease, which provides that a failure to make payments will result in a default under the lease and upon the occurrence of a default GM Financial

---

[90] *American Machinery Movers, Inc. v. Machinery Movers of New Orleans, LLC,* 136 F. Supp. 2d 599, 604 (E.D. La. 2001); *Core v. Martin,* 543 So.2d 619, 621 (La. App. 2 Cir. 1989).

[91] *See Pinero v. Jackson Hewitt Tax Serv. Inc*., 594 F. Supp. 2d 710, 720–21 (E.D. La. 2009) (Vance, J.) (citing *Jefferson v. Chevron U.S.A. Inc.,* 713 So.2d 785, 792 (La. App. 4 Cir. 1998)).

[92] *See id.* at 721 (citing *Jefferson,* 713 So.2d at 793) (emphasis added); *see also Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 404 (5th Cir. 2000) ("To recover under LUTPA, a plaintiff must prove fraud, misrepresentation, or other unethical conduct.").

[93] *See Pinero v. Jackson Hewitt Tax Serv. Inc*., 594 F. Supp. 2d 710, 720–21 (E.D. La. 2009) (citing *Jefferson v. Chevron U.S.A. Inc.,* 713 So.2d 785, 792 (La.Ct.App.1998)

[94] Rec. Doc. 43-3 at 11.

[95] Rec. Doc. 52-1 at 7.

[96] Rec. Doc. 43-3 at 10–12.

may take possession of the vehicle.[97]

In opposition, Plaintiff states that he made timely payments in April and May 2015 by submitting a money order to GM Financial. However, Plaintiff presents no evidence to support this assertion. The only evidence Plaintiff presents is an account summary dated April 13, 2015, which shows the balance on the account was current prior to that billing period.[98] However, as discussed above, GM Financial has presented evidence showing that the payment made on April 13, 2015 was later rejected on April 17, 2015, and that they received no further payment for April or May 2015. Therefore, even assuming that the account was current on April 13, 2015, Plaintiff has not presented any evidence to show that payments were made in April or May 2015. Because Plaintiff does not present evidence of payment after April 13, 2015, there is no dispute of material fact. Without any evidence of payment, Plaintiff's argument in opposition to the Motion for Summary Judgment is an "unsubstantiated assertion," which is insufficient to demonstrate the existence of a genuine issue of material fact.[99]

Plaintiff also asserts that he was "denied online access [to his account] on or before September 2, 2015.[100] However, Plaintiff again presents no evidence to support this assertion, nor does he explain how lack of access to his online account after April and May 2015 impact his claim.

Finally, Plaintiff asserts that Defendants "fraudulently conspired" to "alter data" on

---

[97] *Id.* at 3.

[98] Rec. Doc. 44-1 at 5.

[99] Rec. Doc. 44 at 1.

[100] Rec. Doc. 44-1 at 5.

payment history documents to reflect otherwise.[101] However, Plaintiff does not present any evidence to show that the documents were in fact altered. Instead, Plaintiff alleges that the following inconsistencies show that the documents presented by GM Financial in support of summary judgment were altered: (1) that the "account number [was] blotted out" on documents;[102] (2) that the documents contain a street address instead of the post office box billing address Plaintiff claims was on file;[103] (3) that the total amount due that is listed on the notice of default is greater than the two missing payments;[104] and (4) that no late charges appear on the documents, despite allegations of two missed payments.[105]

In response, GM Financial presents the affidavit of Mandy Youngblood stating redaction of account numbers on documents is the company's "regular and routine practice," and Youngblood confirms that the account number on the documents matches Plaintiff's account number.[106] Youngblood also attests that the street address used on the documents matches the street address listed on Plaintiff's driver's license.[107] Furthermore, Plaintiff's assertions regarding the lack of late payment fees and the total amount due on billing documents do not show that the documents were altered.

Based on the foregoing, GM Financial has presented evidence showing that Plaintiff did

---

[101] Rec. Doc. 44 at 1.

[102] *Id.*

[103] *Id.* at 3.

[104] *Id.* at 2–3.

[105] Rec. Doc. 58 at 2.

[106] Rec. Doc. 52-1 at 2.

[107] *Id.*

17

not make payments on the lease for April 2015 or May 2015, that the failure to make payments put Plaintiff in default under the terms of the lease, and that GM Financial had the right to take possession of the vehicle if Plaintiff was in default. Plaintiff does not present any competent summary judgment evidence to refute these assertions. Furthermore, Plaintiff's LUPTA claim is based on his assertion that Defendants participated in a "conspiracy" to deprive him of his vehicle.[108] Because GM Financial has presented evidence showing that Plaintiff was in default under the lease giving GM Financial the right to take possession of the vehicle, Plaintiff has not shown that GM Financial engaged in an unfair or deceptive trade practice. Accordingly, because there are no genuine issues of material in dispute, the Court finds that GM Financial is entitled to judgment on Plaintiff's LUTPA claim as a matter of law.

---

[108] *See, e.g.*, Rec. Doc. 31 at 3, 4, 5.

## IV. Conclusion

For the foregoing reasons, the Court grants the Motion for Summary Judgment with regard to all of Plaintiff's claims because Landry Dixon has not presented any evidence that puts a genuine issue of material fact in dispute. Accordingly,

**IT IS HEREBY ORDERED** that GM Financial's Motion for Summary Judgment[109] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this 18th day of September, 2018.

*[signature]*

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[109] Rec. Doc. 43.