UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-4492** |
| **GENERAL MOTORS FINANCIAL CORPORATION,** *et al.* | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Defendants Daniel D. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce's (collectively "Individual Defendants") Motion to Dismiss.[1] In this litigation, *pro se* Plaintiff Landry Dixon ("Plaintiff") alleges that Defendants wrongfully repossessed his car in violation of the United States Bankruptcy Code, the Fair Debt Collection Practices Act ("FDCPA") and the Louisiana Unfair Trade Practices Act ("LUTPA").[2] Plaintiff brings claims against corporate Defendant General Motors Financial Corporation ("GM Financial") alongside Individual Defendants (collectively "Defendants").[3] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 43.

[2] Rec. Doc. 31 at 2.

[3] *Id.*

1

## I. Background

*A.     Factual Background*

According to the Second Amended Complaint, Plaintiff entered into a 36 month lease of a 2014 Chevrolet Cruze sedan in December of 2014 with Best Chevrolet automotive dealership.[4] Plaintiff alleges that he properly maintained all monthly payments for the vehicle during his possession of the vehicle.[5] Plaintiff alleges that Defendant repossessed the vehicle in the middle of the night on either November 30, 2016, or December 1, 2016.[6] Plaintiff states that he attempted to contact GM Financial three times to inquire about this repossession, but that he received only a written response from corporate administrator Eunice Ponce, approximately four months after his initial inquiry.[7]

*B.     Procedural Background*

Plaintiff filed a Complaint on May 2, 2017, alleging that Defendants wrongfully repossessed his car in violation of the Truth in Lending Act ("TILA") and the Americans with Disabilities Act ("ADA").[8] On June 13, 2017, Defendant GM Financial filed a Motion to Dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).[9] Individual Defendants also filed a Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) on June 13, 2017.[10] Plaintiff

---

[4] *Id.*

[5] *Id.* at 2 – 3.

[6] *Id.* at 3.

[7] *Id.* at 3 – 4.

[8] Rec. Doc. 1.

[9] Rec. Doc. 6.

[10] Rec. Doc. 7.

filed a single opposition to both motions to dismiss on June 27, 2017.[11] On October 24, 2017, Plaintiff filed an Amended Complaint, which corrected the name of Defendant GM Financial, but did not make new substantive allegations.[12] On October 30, 2017, in response to the Amended Complaint, Defendants filed another motion to dismiss pursuant to Rule 12(b)(6), adopting all previously asserted arguments, authorities, and exhibits.[13]

On February 6, 2018, the Court granted GM Financial's motion to dismiss with prejudice to the extent it sought dismissal of Plaintiff's TILA or ADA claims.[14] The Court found Plaintiff's TILA claim was barred by the statute of limitations,[15] and the Court found that Plaintiff's ADA claim failed because he did not allege facts showing his vehicle was taken as a result of a disability.[16] The Court also concluded that while Plaintiff may have a claim for breach of contract or fraud, Plaintiff had not plead the existence of a contractual relationship with Defendants or plead fraud with particularity.[17] Therefore, in light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend the Complaint to cure the deficiencies noted, if possible.[18]

Plaintiff then filed the Second Amended Complaint on March 9, 2018, containing similar factual allegations, but specifically bringing claims under the United States Bankruptcy Code, the

---

[11] Rec. Doc. 10.

[12] Rec. Doc. 20.

[13] Rec. Doc. 22-1 at 1–2.

[14] Rec. Doc. 28 at 13.

[15] *Id.* at 9.

[16] *Id.* at 10–11.

[17] *Id.* at 11–12.

[18] *Id.* at 12.

FDCPA, and the LUTPA.[19] Plaintiff also made allegations that Defendants engaged in a "corporate civil conspiracy compact designed to wrongfully deprive [Plaintiff of his vehicle]."[20]

Plaintiff subsequently filed a Motion for Leave to File a Third Amended Complaint on July 2, 2018, seeking leave to file an amended complaint naming another GM Financial executive as a defendant, Mandy Youngblood.[21] Defendants filed an opposition to the Motion for Leave to File a Third Amended Complaint on July 6, 2018.[22] The Court denied Plaintiff's Motion to File a Third Amended Complaint on July 17, 2018 because Plaintiff's motion was not timely and Plaintiff did not present good cause for his delay.[23]

Individual Defendants filed the instant Motion to Dismiss on April 13, 2018.[24] Plaintiff filed an opposition to the Motion to Dismiss on April 24, 2018.[25]

## II. Parties' Arguments

### A. *Individual Defendants' Arguments in Support of the Motion to Dismiss*

In the Motion to Dismiss, Individual Defendants contend that Plaintiff's claims against them should be dismissed with prejudice because "[the] Second Amended Complaint does not cure the fundamental deficiencies of the previous complaint, because he does not add any factual allegations to demonstrate the existence of a personal duty on behalf of any of the Individual

---

[19] Rec. Doc. 31.

[20] *Id.* at 3.

[21] Rec. Doc. 45.

[22] Rec. Doc. 47.

[23] Rec. Doc. 56.

[24] Rec. Doc. 38.

[25] Rec. Doc. 41.

4

Defendants and he does not make any allegations that could support a finding of fraud of criminal wrongdoing sufficient to give rise to individual liability."[26] Further, Individual Defendants claim Plaintiff fails to plead fraud with adequate specificity, instead making "conclusory allegations" that Individual Defendants "conspired against him."[27] Individual Defendants argue that LUTPA does not apply to corporate officers acting within the scope of their authority without a showing of fraud or criminal wrongdoing.[28]

Furthermore, Individual Defendants allege Plaintiff's bankruptcy claim fails as a matter of law because Plaintiff did not allege or provide facts showing that he assumed the lease as part of his bankruptcy case.[29] Individual Defendants allege that if a lease is not assumed, then it is rejected, and thus any repossession of the vehicle cannot constitute a violation of either the automatic stay or discharge."[30]

Finally, Individual Defendants allege that Plaintiff's FDCPA claim fails as a matter of law because they are not "debt collectors" subject to the FDCPA.[31] Individual Defendants argue that the FDCPA does not apply to them, as they are "officers and employees of creditors acting in the name of a creditor" to collect debts.[32]

---

[26] Rec. Doc. 38-1 at 2.

[27] *Id.* at 5.

[28] *Id.* at 4.

[29] *Id.* at 6.

[30] *Id.*

[31] *Id.* at 3

[32] *Id.* at 6.

5

### B.     *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff alleges that "defense counsel, Mr. Mark J. Chaney, III, has, once again, utterly failed to render any responsive, credible or data-driven supportive commentary to any of the critical pleadings allegations and/or assertions contained in the body of the Original and/or Amended Complaint."[33] Plaintiff does not respond directly to any of the arguments raised by Individual Defendants in the Motion to Dismiss.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[34] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[35] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[36] "Factual allegations must be enough to raise a right to relief above the speculative level."[37] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[38]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[39] However, although required to accept all "well-pleaded

---

[33] Rec. Doc. 41 at 1.

[34] Fed. R. Civ. P. 12(b)(6).

[35] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[37] *Twombly*, 550 U.S. at 556.

[38] *Id.* at 570.

[39] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see*

facts" as true, a court is not required to accept legal conclusions as true.[40] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[41] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[42] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[43] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[44] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[45] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[46] But pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[47]

---

*also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[40] *Iqbal*, 556 U.S. at 677–78.

[41] *Id.* at 679.

[42] *Id.* at 678.

[43] *Id.*

[44] *Id.*

[45] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[46] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[47] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

Where a party alleges fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that the party "state with particularity the circumstances constituting fraud or mistake."[48] "What constitutes 'particularity' will necessarily differ with the facts of each case...."[49] But the Fifth Circuit has found that "at a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[50] The Fifth Circuit applies Rule 9(b) to fraud claims "with 'bite' and 'without apology.'"[51] Fraud claims must contain "simple, concise, and direct" allegations of the "circumstances constituting fraud," which "must make relief plausible, not merely conceivable, when taken as true."[52]

## IV. Analysis

### A. *Whether Plaintiff's Bankruptcy Claim fails because he did not assume the lease as part of his bankruptcy estate?*

Plaintiff asserts that he is entitled to recovery under the "Federal Bankruptcy Protection Act, Title 11 U.S.C. 727."[53] The only fact Plaintiff alleges to support this claim is that he was forced to file for bankruptcy relief due to an "excessively burdensome medical bill" in 2015.[54] In the Motion to Dismiss, Individual Defendants argue Plaintiff's bankruptcy claim fails as a matter

---

[48] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009).

[49] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).

[50] *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted).

[51] *U.S. ex rel. Grubbs*, 565 F.3d at 185.

[52] *Id.* at 186.

[53] Rec. Doc. 31 at 2.

[54] *Id.* at 5.

8

of law because Plaintiff did not allege or provide facts showing that he assumed the lease as part of his bankruptcy case.[55] Individual Defendants allege that if a lease is not assumed, then it is rejected, and thus a repossession of the vehicle cannot constitute a violation of either the automatic stay or discharge."[56] Plaintiff did not respond to this argument.

Under the bankruptcy code, when an individual declares bankruptcy, a lease of personal property must be accepted by the trustee within 60 days of the order of relief or it is automatically deemed rejected.[57] A lease rejected in this manner is not a part of the debtor's bankruptcy estate and repossession of the personal property does not constitute a violation of automatic stay or discharge.[58]

Here, Plaintiff does allege or provide any evidence showing that the lease was assumed as a part of his bankruptcy estate or that GM Financial violated the bankruptcy code in any other way. Because Plaintiff fails to plead facts sufficient to state plausible claim for relief, the Court will dismiss Plaintiff's Bankruptcy claim.

### B.     *Whether Plaintiff's FDCPA claim fails as a matter of law because Individual Defendants are not "debt collectors" subject to the FDCPA?*

Next, Plaintiff argues that GM Financial violated the FDCPA, but does not provide any specific factual allegations to support this claim.[59] In the Motion to Dismiss, Individual Defendants allege that Plaintiff's FDCPA claim fails as a matter of law because they are not "debt

---

[55] *Id.* at 6.

[56] *Id.*

[57] 11 U.S.C. § 365(d)(1).

[58] 11 U.S.C. § 356(p)(1).

[59] Rec. Doc. 31 at 2.

9

collectors" subject to the FDCPA.[60] Rather, Individual Defendants argue that they are "officers and employees of creditors acting in the name of a creditor" to collect debts and therefore the FDCPA does not apply to them.[61] Plaintiff does not respond to this argument.

The FDCPA applies to "debt collectors" and defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . owed or due or asserted to be owed or due another."[62] The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."[63] Pursuant to the 15 U.S.C. § 1692a(6), the term debt collector only applies to a creditor "who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

Here, Plaintiff does not argue nor present any evidence showing that Individual Defendants are "debt collectors." Plaintiff's FDCPA claim fails as a matter of law because all Individual Defendants are employees of GM Financial, the holder of the lease and thus a "creditor," not subject to the FDCPA.

---

[60] *Id.* at 3.

[61] *Id.* at 6.

[62] 15 U.S.C. § 1692a(6).

[63] 15 U.S.C. § 1692a(4).

C.  *Whether Plaintiff's LUTPA claim fails because he has not plead fraud with particularity?*

Finally, Plaintiff argues that Individual Defendants are liable under the LUTPA for unfair or deceptive trade practices.[64] In the Second Amended Complaint, Plaintiff alleges generally that Defendants participated in a "conspiracy" to deprive him of his vehicle.[65] In the Motion to Dismiss, Individual Defendants argue that Plaintiff's LUTPA claim fails as a matter of law because corporate officers and employees acting within the scope of their employment are protected from LUTPA absent a showing of fraud or criminal wrongdoing.[66] Individual Defendants argue that Plaintiff has not, and cannot, allege any facts showing that Individual Defendants committed any fraudulent acts or engaged in criminal wrongdoing.[67] Individual Defendants note that Plaintiff has only made "conclusory allegations that all of the Individual Defendants somehow conspired against him in connection to his automobile lease."[68] Plaintiff does not respond to this argument.

The Louisiana Unfair Trade Practices Act is codified at Louisiana Revised Statute § 51:1409, which provides, in pertinent part: "any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by Section 51:1405, may bring an action individually but not in a representative capacity to recover actual damages." Courts determine what constitutes "unfair" and "deceptive" conduct on a case-by-case

---

[64] Rec. Doc. 31 at 2.

[65] *See, e.g.*, Rec. Doc. 31 at 3, 4, 5.

[66] Rec. Doc. 38-1 at 4.

[67] *Id.* at 5.

[68] *Id.*

11

basis.[69] Louisiana courts have stated that a practice is unfair "when the practice is unethical, oppressive, unscrupulous, or substantially injurious."[70] Likewise, Louisiana courts have described a trade practice as deceptive when it amounts to "fraud, deceit *or* misrepresentation."[71] Thus, it is clear that LUTPA claims are not limited solely to allegations of fraud, but may be independently premised on a range of non-fraudulent conduct.[72] However, the United States Fifth Circuit Court of Appeals has found that corporate officers and employees acting within the scope of their employment are protected from LUTPA liability absent a showing of fraud or criminal wrongdoing.[73]

Plaintiff does not allege any facts showing that Individual Defendants are parties to the lease or committed any acts of fraud or criminal wrongdoing with necessary particularity. Instead, Plaintiff makes conclusory assertions that Individual Defendants "conspired" against him.[74] Plaintiff makes three assertions regarding this alleged conspiracy. First, that Individual Defendants "engaged each other in repeated discussion in search of ways and methods for removing that leased

---

[69] *American Machinery Movers, Inc. v. Machinery Movers of New Orleans, LLC,* 136 F. Supp. 2d 599, 604 (E.D. La. 2001); *Core v. Martin,* 543 So.2d 619, 621 (La. App. 2 Cir. 1989).

[70] *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 720–21 (E.D. La. 2009) (Vance, J.) (citing *Jefferson v. Chevron U.S.A. Inc.,* 713 So.2d 785, 792 (La. App. 4 Cir. 1998)).

[71] *See id.* at 721 (citing *Jefferson,* 713 So.2d at 793) (emphasis added); *see also Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.,* 220 F.3d 396, 404 (5th Cir. 2000) ("To recover under LUTPA, a plaintiff must prove fraud, misrepresentation, or other unethical conduct.").

[72] *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 720–21 (E.D. La. 2009) (citing *Jefferson v. Chevron U.S.A. Inc.,* 713 So.2d 785, 792 (La.Ct.App.1998)

[73] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 637 (5th Cir. 2014); *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912, 920 (5th Cir.), *decision clarified on denial of reh'g*, 310 F.3d 786 (5th Cir. 2002).

[74] *See generally* Rec. Doc. 31.

12

vehicle from [Plaintiff]…."[75] Second, that non-party GM administrator Robbie Brown "directed the Centurion Auto Recovery Services and, by extension the Rock-N-Roll Wrecker Services to wrongfully take possession of…Plaintiff's leased vehicle…."[76] Third, that Individual Defendant Eunice Ponce "drafted that cover-up (curative/rehabilitative) letter in her reluctant response to the repeated requests of the Plaintiff…."[77] These allegations do not show fraud with particularity. Plaintiff's first two allegations, regarding conversations between Individual Defendants and the direction of towing services by a non-party, do not indicate that Individual Defendants lied to or deceived Plaintiff for the purposes of financial gain. Plaintiff's third allegation, that Eunice Ponce drafted a cover up letter, does not describe "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[78] Specifically, Plaintiff does not identify representations within the letter that he alleges are false. Therefore, because Plaintiff has not raised any factual allegations against Individual Defendants to show fraud with particularity, his LUTPA claim fails as a matter of law.

### D.     *Whether Plaintiff has asserted any other potential claims?*

Defendants previously filed a Motion to Dismiss on October 30, 2017.[79] On February 6, 2018, the Court granted Defendants' Motion to Dismiss in part and denied the motion in part.[80]

---

[75] *Id.* at 4.

[76] *Id.*

[77] *Id.*

[78] *See Tel–Phonic Servs., Inc.*, 975 F.2d at 1139 (internal quotation marks and citation omitted).

[79] Rec. Doc. 22-1 at 1–2.

[80] Rec. Doc. 28 at 13.

The Court granted the motion with prejudice to the extent it sought dismissal of Plaintiff's TILA or ADA claims.[81] But the Court also concluded that while Plaintiff may have a claim for breach of contract or fraud, Plaintiff had not plead the existence of a contractual relationship with Defendants or plead fraud with particularity.[82] Therefore, in light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend the Complaint to cure the deficiencies noted, if possible.[83]

As noted previously, Plaintiff has not made any new factual allegations to support a claim of fraud against Individual Defendants. Plaintiff has also not made any new factual allegations to support a breach of contract claim against Individual Defendants. As a result, Plaintiff has not shown that Individual Defendants are liable for any other potential claims. Accordingly, to the extent Plaintiff raises a fraud or breach of contract claim against Individual Defendants, Plaintiff has failed to state such claims against Individual Defendants as a matter of law.

---

[81] *Id.*

[82] *Id.* at 11–12.

[83] *Id.* at 12.

## IV. Conclusion

For the foregoing reasons, the Court grants the Motion to Dismiss with regard to all of Landry Dixon's claims against Individual Defendants Daniel D. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce because Landry Dixon has not alleged facts that support a claim for relief that is plausible on its face. Accordingly,

**IT IS HEREBY ORDERED** that Individual Defendants' Motion to Dismiss [84] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this __1st__ day of October, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[84] Rec. Doc. 38.