# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-4492** |
| **GENERAL MOTORS FINANCIAL CORPORATION**, *et al.* | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is *pro se* Plaintiff Landry Dixon's ("Plaintiff") "Motion for Leave to File Motion to Set Aside Summary Judgment."[1] In this litigation, Plaintiff alleges that Defendants wrongfully repossessed his car in violation of the United States Bankruptcy Code, the Fair Debt Collection Practices Act ("FDCPA") and the Louisiana Unfair Trade Practices Act ("LUTPA").[2] Plaintiff brings claims against corporate Defendant General Motors Financial Corporation ("GM Financial") alongside individual Defendants Daniel D. Berce, Steven P. Bowman, Chris A. Choate, Eunice Ponce, and Robbie Brown (collectively "Individual Defendants").[3] On September 18, 2018, the Court granted summary judgment in favor of GM Financial.[4] In the instant motion, Plaintiff seeks reconsideration of the Court's September 18, 2018 Order.[5] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 63.

[2] Rec. Doc. 31 at 2.

[3] *Id.*

[4] Rec. Doc. 61.

[5] Rec. Doc. 63.

## I. Background

### *A.     Factual Background*

According to the Second Amended Complaint, Plaintiff entered into a 36 month lease of a 2014 Chevrolet Cruze sedan in December of 2014 with Best Chevrolet automotive dealership.[6] Plaintiff alleges that he properly maintained all monthly payments for the vehicle during his possession of the vehicle.[7] Plaintiff alleges that Defendants repossessed the vehicle in the middle of the night on either November 30, 2016, or December 1, 2016.[8] Plaintiff states that he attempted to contact GM Financial three times to inquire about this repossession, but that he received only a written response from corporate administrator Eunice Ponce, approximately four months after his initial inquiry.[9]

### *B.     Procedural Background*

Plaintiff filed a Complaint on May 2, 2017, alleging that Defendants wrongfully repossessed his car in violation of the Truth in Lending Act ("TILA") and the Americans with Disabilities Act ("ADA").[10] On June 13, 2017, Defendant GM Financial filed a Motion to Dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).[11] Defendants Daniel E. Berce, Steven P. Bowman, Chris A. Choate, and Eunice Ponce also filed a Motion to Dismiss Plaintiff's claims

---

[6] *Id.*

[7] *Id.* at 2–3.

[8] *Id.* at 3.

[9] *Id.* at 3–4.

[10] Rec. Doc. 1.

[11] Rec. Doc. 6.

against them pursuant to Rule 12(b)(6) on June 13, 2017.[12] Plaintiff filed a single opposition to both motions to dismiss on June 27, 2017.[13] On October 24, 2017, Plaintiff filed an Amended Complaint, which corrected the name of Defendant GM Financial, but did not make new substantive allegations.[14] On October 30, 2017, in response to the Amended Complaint, Defendants filed another motion to dismiss pursuant to Rule 12(b)(6), adopting all previously asserted arguments, authorities, and exhibits.[15]

On February 6, 2018, the Court granted GM Financial's motion to dismiss with prejudice to the extent it sought dismissal of Plaintiff's TILA or ADA claims.[16] The Court also concluded that while Plaintiff may have a claim for breach of contract or fraud, Plaintiff had not plead the existence of a contractual relationship with Defendants or plead fraud with particularity.[17] Therefore, in light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend the Complaint to cure the deficiencies noted, if possible.[18]

Plaintiff then filed the Second Amended Complaint on March 9, 2018, containing similar factual allegations, but specifically bringing claims under the United States Bankruptcy Code, the FDCPA, and the LUTPA and adding claims against Individual Defendant Robbie Brown.[19]

---

[12] Rec. Doc. 7.

[13] Rec. Doc. 10.

[14] Rec. Doc. 20.

[15] Rec. Doc. 22-1 at 1–2.

[16] Rec. Doc. 28 at 13.

[17] *Id.* at 11–12.

[18] *Id.* at 12.

[19] Rec. Doc. 31.

Plaintiff also filed a Motion for Leave to File a Third Amended Complaint on July 2, 2018, seeking leave to file an amended complaint naming another GM Financial executive as a defendant, Mandy Youngblood.[20] Defendants filed an opposition to the Motion for Leave to File a Third Amended Complaint on July 6, 2018.[21] The Court denied Plaintiff's Motion to File a Third Amended Complaint on July 17, 2018, because Plaintiff's motion was not timely and Plaintiff did not present good cause for his delay.[22]

Defendant GM Financial filed a Motion for Summary Judgment on June 7, 2018.[23] Plaintiff filed an opposition to the Motion for Summary Judgment on June 25, 2018.[24] With leave of Court, GM Financial filed a reply on July 17, 2018.[25] With leave of Court, Plaintiff filed a sur-reply on July 24, 2018.[26] The Court granted the Motion for Summary Judgment on September 18, 2018.[27] In its Order, the Court found that GM Financial presented evidence showing that Plaintiff did not make payments on the lease for April 2015 or May 2015, that the failure to make payments put Plaintiff in default under the terms of the lease, and that GM Financial had the right to take possession of the vehicle if Plaintiff was in default.[28] The Court found that Plaintiff's claims failed

---

[20] Rec. Doc. 45.

[21] Rec. Doc. 47.

[22] Rec. Doc. 56.

[23] Rec. Doc. 43.

[24] Rec. Doc. 44.

[25] Rec. Doc. 52.

[26] Rec. Doc. 58.

[27] Rec. Doc. 61.

[28] *Id*. at 17–18.

because he did not present any competent summary judgment evidence to refute GM Financial's assertions.[29]

Individual Defendants also filed a Motion to Dismiss on April 13, 2018.[30] Plaintiff filed an opposition on April 24, 2018.[31] The Court issued an order granting the Motion to Dismiss on October 1, 2018, finding that Plaintiff did not allege facts that support a claim for relief that is plausible on its face.[32]

Plaintiff filed the instant "Motion for Leave to File Motion to Set Aside Summary Judgment" on September 25, 2018.[33] All Defendants joined in filing an opposition on October 1, 2018.[34]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion for Leave to File Motion to Set Aside Summary Judgment*

In the motion, Plaintiff contends that various pieces of evidence presented by GM Financial to support its previous motion for summary judgment were "doctored" as part of a "racially motivated civil conspiracy" to benefit Defendants.[35] Plaintiff alleges that alterations to these documents include "misrepresentations of historical lease payment activities by the elderly

---

[29] *Id.* at 18.

[30] Rec. Doc. 38.

[31] Rec. Doc. 41.

[32] Rec. Doc. 65.

[33] Rec. Doc. 63.

[34] Rec. Doc. 64.

[35] Rec. Doc. 63 at 4.

5

Plaintiff in this retail automotive lease agreement."[36]

First, Plaintiff alleges that the "NSF check photocopy"[37] proffered by GM Financial in support of the Motion for Summary Judgment is a "bogus documentary concoction."[38] Specifically, Plaintiff alleges that no financial institution is identified as the issuer of the check, no routing number is identified, no financial institution account number is identified, no check type is noted (personal or business), and no payer name appears.[39]

Second, Plaintiff alleges that the "Payment History"[40] presented by GM Financial in support of the Motion for Summary Judgment is "NOT [sic] representative of the consistent and unbroken pattern of monthly lease payments of the Plaintiff."[41] As proof of the alleged falsity of these documents, Plaintiff points to the lack of a late fee, delinquent fee, or returned check fee.[42] Plaintiff also alleges that the document does not contain the "historical P O Box [sic] billing address of the Plaintiff."[43]

Third, Plaintiff alleges that the affidavit[44] of non-party GM executive Mandy Youngblood

---

[36] *Id.*

[37] Rec. Doc. 52-1 at 7.

[38] Rec. Doc. 63 at 2.

[39] *Id.* at 1–2.

[40] Rec. Doc. 52-1 at 4–5.

[41] Rec. Doc. 63 at 2.

[42] *Id.*

[43] *Id.*

[44] Rec. Doc. 52 at 6–8.

used to support the Motion for Summary Judgment contains a "blatant lie."[45] While the affidavit states that "the April (2015) check was not honored by the payer bank due to insufficient funds," Plaintiff alleges that payment was made by money order on April 2, 2015.[46] Plaintiff alleges that his claim is supported by Ms. Youngblood's failure to identify a bank name, routing number, account number, type of check (personal or business), or payer name.[47]

Finally, Plaintiff presents "recent NSF documents issued by Regions Bank against the business account of DELF INC [sic]."[48] Plaintiff states "the Court will note the clear and transparent nature of these documents," and states that "Plaintiff has included that spurious and unmarked 'Defense Exhibit 7,' an unidentified NSF check issued by an unidentified bank and dated 04/06/2015."[49] Plaintiff, however, does not further explain the relevance of these documents.

For these reasons, Plaintiff requests the Court "issues [sic] a Rule 60(d)(3) Order Setting Aside the Summary Judgment rendered on September 18, 2018, and reset this matter for a Jury Trial on December 10, 2018."[50]

B. *Defendants' Arguments in Opposition to the Motion for Leave to File Motion to Set Aside Summary Judgment*

In opposition, Defendants request that the Court deny Plaintiff's motion because (1) it is

---

[45] Rec. Doc. 63 at 2.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 3.

[49] *Id.*

[50] *Id.* at 5.

"premature and procedurally improper," and (2) "[Plaintiff] has failed to provide a legal argument or factual support for his request to set aside the Court's order."[51]

### 1. *Federal Rule of Civil Procedure 54(b)*

First, Defendants allege that Plaintiff's motion is premature and improper because a final judgment has not been issued by the Court.[52] Defendants highlight that Plaintiff references Federal Rule of Civil Procedure 60(d)(3) in his motion, but that a Rule 60 motion is only proper after a final judgment or partial final judgment has been entered.[53] Because a final judgment has not been entered in this case, Defendants argue that the motion should instead be considered a request for reconsideration of an interlocutory order under Federal Rule of Civil Procedure 54(b).

Defendants argue that Plaintiff does not meet the standard for reconsideration under Rule 54(b) because "[Plaintiff's] Motion to Set Aside is simply a re-hash of his unhinged conspiracy theories, unsupported allegations, and irrelevant arguments that were previously raised in his opposition and sur-reply. . . and expressly rejected as inadequate by the Court's Summary Judgment Order."[54] Rather, Defendants state that a motion for reconsideration is only appropriately granted when there is a manifest error, changes in substantive law, new evidence, or to prevent manifest injustice.[55] Defendants correspondingly argue that the only "new" evidence Plaintiff provides is a copy of a returned check and an insufficient funds notice from a Regions

---

[51] Rec. Doc. 64 at 1.

[52] *Id.* at 6.

[53] *Id.*

[54] *Id.* at 7.

[55] *Id.*

8

Bank account associated with an entity called Delf Inc.[56] Defendants argue that these unauthenticated documents, relating to a transaction with a non-party, fail to demonstrate that Plaintiff made lease payments for April 2015 or May 2015.[57]

### 2. *Federal Rule of Civil Procedure 60(d)(3)*

Second, Defendants argue that Plaintiff's arguments fail even if the Court were to consider the motion under Rule 60(d)(3).[58] Defendants state that Rule 60(d)(3) does not provide a separate basis for relief, but the rule instead clarifies that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court.[59] Defendants assert that to establish fraud, Plaintiff must show "an unconscionable plan or scheme designed to improperly influence the court," and that "only the most egregious misconduct…[such as] fabrication of evidence" will constitute fraud.[60]

Defendants argue that Plaintiff's "allegations of conspiracy or 'doctored' documents" fail because "he does not provide any evidence, competent or otherwise, to demonstrate the existence of a fraud on the Court."[61] Defendants assert that "all of the information and documentation provided in support of GM Financial's Motion for Summary Judgment was properly authenticated and attested to as true and accurate based on GM Financial's books, records, and documents maintained in the ordinary course of its business in relation to the Lease account."[62] Defendants

---

[56] *Id.*

[57] *Id.* at 8.

[58] *Id.*

[59] *Id.* at 6.

[60] *Id.* at 8.

[61] *Id.*

[62] *Id.* at 9.

9

assert that "[Plaintiff] has failed to provide competent evidence to demonstrate that any of the information provided in support of GM Financial's Motion for Summary Judgment is inaccurate, much less fraudulent."[63]

### III. Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Pursuant to Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[64] The Fifth Circuit has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[65]

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[66] Federal Rule of Civil Procedure 59(e) also allows a court to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing

---

[63] *Id.*

[64] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[65] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[66] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[67] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[68] with relief being warranted only when the basis for relief is "clearly establish[ed]."[69] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[70]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[71] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[72] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[73] When there exists no independent reason for reconsideration

---

[67] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[68] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[69] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[70] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[71] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[72] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[73] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*,

other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[74]

Federal Rule of Civil Procedure 60(b) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding…." Federal Rule of Civil Procedure 60(d)(3) states that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." A motion under Rule 60(d)(3), however, requires a higher level of misconduct, such as "an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[75] The narrow concept should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."[76] Because Rule 60(d)(3) is without time limitation, "only the most egregious misconduct ... will constitute fraud on the court."[77]

Less egregious misconduct comes within the scope of Federal Rule of Civil Procedure 60(b)(3).[78] Rule 60(b)(3) states that a court may grant relief from a final judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

---

894 F.2d 99, 100 (5th Cir. 1990)).

[74] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[75] *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (citation omitted).

[76] *Id.* (internal citation omitted).

[77] *Jackson v. Thaler*, 348 Fed.Appx. 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

[78] *Wilson*, 873 F.2d at 872.

opposing party." One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence.[79]

## IV. Analysis

### A. *Federal Rule of Civil Procedure 54(b)*

In the motion, Plaintiff contends that various pieces of evidence presented by GM Financial to support its motion for summary judgment were "doctored" as part of a "racially motivated civil conspiracy" to benefit Defendants.[80] Plaintiff alleges that alterations to these documents include "misrepresentations of historical lease payment activities by the elderly Plaintiff in this retail automotive lease agreement."[81]

However, Plaintiff has not presented any newly discovered or previously unavailable evidence, nor does Plaintiff identify a manifest error of law or fact, or a change of law that would warrant granting the motion. Primarily, Plaintiff's motion seeks only to rehash evidence previously consider by the Court in the September 18, 2018 Order granting GM Financial's motion for summary judgment, including the "NSF check photocopy,"[82] the "payment history" document[83], and the affidavit of Mandy Youngblood.[84] The only new evidence Plaintiff provides are "recent

---

[79] *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949)

[80] Rec. Doc. 64 at 4.

[81] *Id.*

[82] Rec. Doc. 52-1 at 7.

[83] *Id.* at 4–5.

[84] *Id.* at 1–3.

13

NSF documents issued by Regions Bank against the business account of DELF INC [sic]."[85] Plaintiff states "the Court will note the clear and transparent nature of these documents," and states that "Plaintiff has included that spurious and unmarked 'Defense Exhibit 7,' an unidentified NSF check issued by an unidentified bank and dated 04/06/2015."[86] Plaintiff, however, does not further explain the relevance of these documents. These unauthenticated documents, relating to a transaction with a non-party, fail to demonstrate that Plaintiff made lease payments to GM Financial for the months of April 2015 or May 2015.[87]

As stated *supra*, the Court has considerable discretion when determining if arguments presented in a motion for reconsideration merit reversing the Court's prior decisions.[88] Plaintiff has not identified any evidence that merits reconsideration, nor any argument that reconsideration is necessary to prevent a manifest injustice or correct a manifest error of fact or law. Additionally, no independent reason exists to warrant reconsideration of Plaintiff's claims and reconsideration is not necessary to prevent manifest injustice.

### *B. Federal Rule of Civil Procedure 60(b)(3)*

Next, Plaintiff contends that reconsideration is warranted pursuant to Rule 60(b)(3). However, such a motion is premature because a final judgment has not yet been issued in this case.[89] However, even if the Court were to consider the motion under Rule 60 instead of Rule 54

---

[85] Rec. Doc. 63 at 3; Rec. Doc. 63-3 at 1–2.

[86] Rec. Doc. 63 at 3.

[87] *Id.* at 8.

[88] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.).

[89] *See* Fed. Rule Civ. Pro. 60(b).

as previously discussed, Plaintiff would fail. The burden is on the plaintiff to provide clear and convincing evidence of fraud, misrepresentation, or other misconduct.[90]

Plaintiff's allegations of "conspiracy" and "doctored" documents fail because he does not provide any evidence, competent or otherwise, to demonstrate the existence of a fraud on the Court.[91] GM Financial provided properly authenticated information and documentation in support of its Motion for Summary Judgment, which showed that Plaintiff failed to make lease payments for April 2015 and May 2015. Defendants allege this information "was properly authenticated and attested to as true and accurate based on GM Financial's books, records, and documents maintained in the ordinary course of its business in relation to the Lease account."[92] In response, Plaintiff has failed to provide competent evidence to demonstrate that any of the information provided in support of GM Financial's Motion for Summary Judgment is inaccurate, much less fraudulent. Instead, Plaintiff continues to dispute the authenticity of documents that were already presented to the Court and reviewed in the Order granting GM Financial's Motion for Summary Judgment.[93] Finally, Plaintiff has still not provided the Court with evidence that he made lease payments for April 2015 and May 2015. Therefore, Plaintiff has still failed to show that a genuine issue of material fact is in dispute such that reconsideration of the Court's September 18, 2018 Order granting GM Financial's Motion for Summary Judgment is warranted.

---

[90] *See Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949)

[91] Rec. Doc. 63 at 1–4.

[92] Rec. Doc. 64 at 9.

[93] *See* Rec. Doc. 61.

## IV. Conclusion

For the foregoing reasons, the Court denies the Motion to Set Aside Summary Judgment because Plaintiff Landry Dixon has not identified any evidence that merits reconsideration, nor any argument that reconsideration is necessary to prevent a manifest injustice or correct a manifest error of fact or law. Additionally, no independent reason exists to warrant reconsideration of Plaintiff's claims and reconsideration is not necessary to prevent manifest injustice here. Furthermore, Plaintiff has not demonstrated that Defendants committed fraud upon the Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Landry Dixon's Motion to Set Aside Summary Judgment[94] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __25th__ day of October, 2018.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[94] Rec. Doc. 63.